UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ASHISHKUMAR KANTILAL SUTHAR, | * * * | |
| Petitioner, | * * | |
| v. | * * | Civil Action No. 26-cv-13606-ADB |
| DAVID WESLING, Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; ANTONE MONIZ, Warden for the Plymouth County Correctional Facility, | * * * * * * * * * * * * | |
| Respondents. | * * | |

**<u>ORDER</u>**

BURROUGHS, D.J.

Before the Court is Petitioner Ashishkumar Kantilal Suthar's petition for writ of habeas

corpus. [ECF No. 1]. "Respondents submit that the legal issues presented in this Petition are

similar to those recently addressed by this Court in <u>Morales v. Plymouth County Correctional

Facility</u>." [ECF No. 7 at 1]. In that case, the Court joined other sessions of this Court, and other

courts across the country, in holding that the arrest and detention of noncitizens within the

United States is governed by 8 U.S.C. § 1226(a). <u>Morales</u>, No. 25-cv-12602, ECF No. 15 (D.

Mass. Sep. 30, 2025). Respondents further acknowledge that "[s]hould the Court follow its

reasoning in <u>Morales</u>, it would reach the same result here." [ECF No. 7 at 1]. On the facts

before it, the Court does not find reason to deviate from its prior analysis. Petitioner is subject to

8 U.S.C. § 1226's discretionary detention framework and, accordingly, entitled to a bond hearing.  He has not received such a hearing, so his detention is unlawful.

Petitioner's petition, [ECF No. 1], is **GRANTED**.  Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this order.  In that bond hearing, the immigration judge must expressly state the following findings on the record[1]:

(1) whether the government has "prove[d] by clear and convincing evidence that [Petitioner] poses a danger to the community or . . . by a preponderance of the evidence that [he or] she poses a flight risk"; and
(2) if the government has carried its burden:
    (a) the particular evidence by which the government carried its burden;
    (b) how the immigration judge "considered . . . [and] weighed . . . the information [Petitioner] provided" in relation to the government's evidence;
    (c) the chain of reasoning connecting the evidence to the finding of dangerousness or flight risk; and
    (d) the reasons why less-restrictive alternatives to detention, such as GPS monitoring, would be ineffective to mitigate any risk.

Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).  Respondents are **ORDERED** to file a status report within 14 days of this order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The clerk is directed to enter judgment in favor of Petitioner.  Petitioner, whose petition requested an award of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, [ECF No. 1

---

[1] Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021); Atariguana-Buele v. Warden, Plymouth Corr. Facility, No. 26-cv-12168, 2026 WL 1825934, at *2 (D. Mass. June 25, 2026) (discussing need for immigration judge to thoroughly engage with the record); see Costa v. McDonald, No. 25-cv-13469, 2026 WL 371198, at *2 (D. Mass. Feb. 10, 2026) (collecting cases).

at 10], is reminded that, under the EAJA, any application for fees is due within 30 days from

final judgment within the meaning of 28 U.S.C. § 2412(d)(2)(G), 28 U.S.C. § 2412(d)(1)(B).

**SO ORDERED.**

August 13, 2026                                         */s/ Allison D. Burroughs*
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE